UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLORADO
Honorable Sidney B. Brooks

| | |
|---|---|
| In re: ) | |
| ROBERT FRAZIER ROLF, ) | |
| SSN: xxx-xx-5938 ) | Case No. 09-29120-SBB |
| ) | Chapter 7 |
| Debtor. ) | |
| ) | |
| DOUGLAS E. LARSON, TRUSTEE ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Adv. Pro. No. 11-1266-SBB |
| ) | |
| JO-ANN HALL, ) | |
| ) | |
| Defendant. ) | |
| ) | |

**ORDER GRANTING TRUSTEE'S MOTION FOR SUMMARY JUDGMENT**

This case comes before the court on the U.S. Trustee's Motion for Summary Judgment. The Trustee seeks to use his "strong-arm powers" under 11 U.S.C. §544(a)(3) to avoid the Defendant's Deed of Trust which is alleged to encumber the Debtor's real property. The Trustee asserts that the Defendant's Deed of Trust is void, never encumbered the Debtor's real property, was recorded outside of the chain of title, and, therefore, the Trustee, as a bona fide purchaser, can avoid the Defendant's Deed of Trust and distribute the proceeds from the sale of the Debtor's property free of the Defendant's Deed of Trust.

The Defendant filed a response to the Trustee's Motion for Summary Judgment and asserts that her Deed of Trust was validly executed, properly recorded, and put the Trustee on notice of her interest in the Debtor's property such that the Trustee may not exercise his avoiding powers and must pay the Defendant the value of her secured claim.

For the reasons set forth herein, the Trustee's Motion for Summary Judgment is GRANTED.

**I.    BACKGROUND**

The undisputed material facts are as follows. On August 25, 1994, the District Court for Pitkin County found that the Debtor, Robert Frazier Rolf, was unable to effectively manage his property and affairs due to his mental illness, and the Debtor's property would be wasted or

dissipated unless proper management was provided.[1] The court found that a conservatorship would be in the Debtor's best interest and appointed the Debtor's brother, Scott Richard Rolf, as the conservator of the Debtor's estate, which included real property described as 230/330 Fasching Haus, 747 S. Galena Street, Aspen, CO (230/330 Fasching Haus). The Order Appointing Conservator and the Letters issued by the District Court for Pitkin County to Scott Richard Rolf were recorded in the records of the Clerk and Recorder for Pitkin County on October 16, 2000.[2]

On September 28, 2001, the Defendant, Jo-Ann Hall, loaned the Debtor $39,353.75.[3] The Defendant attempted to secure this loan with a Deed of Trust against 230/330 Fasching Haus. The Debtor signed the Deed of Trust on November 24, 2001 and the Defendant recorded the Deed of Trust in Pitkin County on either November 26, 2001.[4] At the time of this loan and recording, the Debtor was a protected person. Nonetheless, the Debtor executed the Deed of Trust in favor of the Defendant.

On February 2, 2002, the District Court for Pitkin County terminated the conservatorship of the Debtor by court order dated *nunc pro tunc* to December 20, 2001.[5]

On August 8, 2005, the Debtor received title to the real property located at 747 S. Galena Street via a special warranty deed from R4 & Associates.[6] The Debtor did not record this deed until October 19, 2010.[7] Prior to recording, on September 14, 2009, the Debtor filed a voluntary petition seeking relief under chapter 7 of the Bankruptcy Code.[8]

## II. ISSUE

Whether the Defendant holds a valid, recorded interest in the Debtor's real property which defeats the Trustee's power to avoid the interest as a bona fide purchaser under 11 U.S.C. § 544(a)(3).

## III. DISCUSSION

### A. *Summary Judgment Standard*

Summary judgment is appropriate "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law."[9] All the evidence must be viewed in the light most favorable to the party opposing the motion.[10] However, "'[c]onclusory

---

[1] Joint Pretrial Statement, Stipulated and Uncontested Facts at ¶ 2, (Docket #25).
[2] Id. at ¶ 6, (Docket #25).
[3] Id. at ¶ 8, (Docket #25).
[4] Id. at ¶ 8-9, (Docket #25).
[5] Id. at ¶ 10, (Docket #25).
[6] Id. at ¶ 11, (Docket #25).
[7] Id. at ¶ 12, (Docket #25).
[8] Id. at ¶ 13, (Docket #25).
[9] Fed. R. Civ. P. 56(c), incorporated herein by Fed. R. Bankr. P. 7056.
[10] *Simms v. Oklahoma ex rel Department of Mental Health and Substance Abuse Services*, 165 F.3d 1321, 1326 (10th Cir.), *cert. denied*, 120 S.Ct. 53 (1999).

and self-serving affidavits are not sufficient' to demonstrate the existence of a disputed material fact and thus defeat a motion for summary judgment."[11]  "Likewise, only material factual disputes preclude summary judgment; factual disputes about immaterial items are irrelevant."[12]

> B. *The Debtor's attempted transfer of an interest in real property was statutorily ineffective and, thus, an invalid deed of trust which never encumbered the real property.*

The parties agree that the Debtor was a protected person when he executed the Deed of Trust on 230/330 Fasching Haus for the benefit of the Defendant. The parties also agree that the letters of conservatorship were filed in the records of the Clerk and Recorder for Pitkin County on October 16, 2000 – approximately one year prior to the Defendant's loan and subsequent recording of the Deed of Trust. Under Colorado law, "the appointment of a conservator *vests title in the conservator* as trustee to all property of the protected person…"[13] and letters of conservatorship are evidence of vesting title of the protected person's assets in the conservator."[14]  Furthermore, "the interest of a protected person in property vested in a conservator is *not transferable or assignable by the protected person*." In fact, an attempted transfer or assignment by the protected person is *ineffective to affect property rights*.[15]

Here, because the Debtor was a protected person at the time he executed the Deed of Trust, he was not vested with title to 230/330 Fasching Haus; rather, title to this property was vested in his conservator. Lacking title, the Debtor's attempted transfer of an interest in 230/330 Fasching Haus was statutorily ineffective.[16]  This result is consistent with Colorado's clear mandate that only the owner of real property can encumber or convey the same."[17] Because, the Debtor owned no interest, he conveyed no interest to the Defendant, rendering the Defendant's recorded Deed of Trust illusory and patently invalid as a spurious document pursuant to § 38-35-201(3).[18]

The Defendant advances multiple theories for why the Court should recognize her Deed of Trust as a valid encumbrance on 230/330 Fasching Haus, all of which fail.

First, the Defendant urges this Court to find that the conservatorship of the Debtor was void *ab initio* because the Debtor did not receive proper notice prior to the proceeding. We refuse to do so because the Defendant lacks standing to challenge the Debtor's conservatorship.

---

[11] *Hesterlee v. Cornell Cos., Inc.*, 351 Fed.Appx. 279, 2009 WL 3438548 (10th Cir. Oct. 27, 2009)(quoting *Hall v. Bellmon*, 935 F.2d 1106, 1111 (10th Cir.1991)).
[12] *Bellmon*, 935 F.2d at 111 (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986)).
[13] C.R.S.A. § 15-14-412(1) (2011). (emphasis added)
[14] C.R.S.A. § 15-14-412(2).
[15] C.R.S.A. § 15-14-422 (1).
[16] *Id.*
[17] *GMAC Mortgage Corp. v. PWI Group*, 155 P.3d 556, 558 (Colo. App. 2007) quoting *In re Moreno*, 293 B.R. 777 (Bankr. D. Colo. 2003).
[18] C.R.S.A. § 38-35-201(3) (defining a spurious document as "any document that is forged or groundless, contains a material misstatement or false claim, or is otherwise patently invalid."); see also *GMAC Mortgage Corp.*, 115 P.3d at 558.

Among the three elements which comprise the irreducible constitutional minimum of standing, the Defendant has failed to allege her own injury-in-fact arising from the creation of the Debtor's conservatorship.[19] The Defendant was not a party to the conservatorship proceedings nor did she have a stake in the outcome of the conservatorship proceeding. It was not until approximately seven years after the conservatorship was established that the Defendant accepted the disputed Deed of Trust from the Debtor. Therefore, it was not the imposition of the conservatorship that harmed the Defendant; rather, it was Defendant's decision accept a Deed of Trust from a protected person that injured the Defendant.

The Defendant has alleged an injury-in-fact to the Debtor – a lack of due process; however, that alleged injury is the Debtor's, not the Defendant's and we can not find a legal justification for this Court to recognize such a derivative due process challenge to a state court order whereby a creditor can bring such an action on behalf of a debtor, nor does the Defendant provide us with one.

Even if the Debtor asked this Court to review the state court's order on due process grounds, the Rooker-Feldman doctrine would bar this Court from hearing the challenge. The Rooker-Feldman doctrine applies to bar "a party losing in state court… from seeking what in substance would be appellate review of the state judgment in a United States district court, based on the losing party's claim that the state judgment itself violates the loser's federal rights."[20] This action seeks review of the District Court for Pitkin County's decision on due process grounds. This is precisely the type of action barred by the Rooker-Feldman doctrine and this Court can not hear the claim.[21] Ultimately, if the Debtor would be barred from challenging the creation of his conservatorship in this Court, we fail to see why the Defendant should not be similarly barred.

In further deference to the Defendant's argument that the Debtor was denied due process, even if this Court did review the state court's decision to create the conservatorship, the Defendant has failed to sufficiently dispute the facts presented by the Trustee in his Motion for Summary Judgment. In particular, in its order establishing the Debtor's conservatorship in 1994, the District Court for Pitkin County found that "the required notices have been given or waived." Furthermore, in 2001, the same court justified the termination of the conservatorship upon the Debtor's lack of disability or impairment, not for the Debtor's lack of notice regarding the 1994 proceeding. Aside from a self-serving and conclusory affidavit,[22] the Defendant has produced no evidence to adequately dispute the state court's determination that "the required notices" were "given or waived." Therefore, the Defendant has failed to adequately dispute a material fact so as to defeat the Trustee's Motion for Summary Judgment.[23]

In the alternative, the Defendant argues that, even if the conservatorship was not void *ab initio*, the Debtor could have possessed the requisite mental capacity to execute the Defendant's purported Deed of Trust. Thus, the Defendant argues, there is a serious factual issue

---

[19] *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992).
[20] *Johnson v. DeGrandy*, 512 U.S. 997, 1005-06 (1994).
[21] See *Dillard v. Bank of New York*, No. 09-cv-03008-WYD-BNB, 2011 WL 2714118 (D. Colo. July 13, 2011).
[22] Affidavit of Robert Frazier Rolf, at ¶ 3-4, (Docket #20).
[23] *Hesterlee v. Cornell Cos., Inc.*, 351 Fed.Appx. 279, 2009 WL 3438548 (10th Cir. Oct. 27, 2009)(quoting *Hall v. Bellmon*, 935 F.2d 1106, 1111 (10th Cir.1991)).

as to whether the Debtor possessed that mental capacity. While the Debtor's mental capacity may be an unresolved question of fact, it is, ultimately, irrelevant to our application of law. Colorado statutes and case law make clear that, during the conservatorship, a protected person cannot transfer assets to others, regardless of the protected person's mental capacity.[24] Again, only the owner of real property can encumber or convey the same. Because the Debtor executed the Deed of Trust while he was a protected person, he did so while title to 230/300 Fasching Haus was vested in his conservator. Therefore, the Debtor did not have title to that which he purported to encumber and the attempted transfer was statutorily ineffective.

Finally, the Defendant argues that even if the Debtor's attempted encumbrance was ineffective during the conservatorship, the encumbrance became effective at the conclusion of the conservatorship when the Debtor acquired title to the real property he sought to encumber. While Colorado law protects after-acquired interests in real property, the law is applicable only when the transaction consists of a transfer of title to real property by sale or conveyance.[25] Colorado law makes clear that a Deed of Trust is not a conveyance.[26] Here, because the Defendant purports to hold only a Deed of Trust, she can not hold title to the real property; rather, she holds only a lien, which, for the reasons discussed above, is invalid and never encumbered 230/330 Fasching Haus.

Because the Defendant's Deed of Trust is statutorily invalid, it is unnecessary for the Trustee to exercise his avoidance powers under § 544(a) for there is nothing to avoid as the Deed of Trust is ineffective to affect property rights.

## IV. CONCLUSION AND ORDER

The Debtor did not own the property at the time he sought to encumber it and both the Debtor and the Defendant were aware of that fact. At the time of execution, the Debtor knew that he did not have title to the property, for he was in the midst of a challenge to his conservatorship; the Defendant constructively knew that the Debtor did not own the property for the letters of conservatorship were filed in the records of the Clerk and Recorder for Pitkin County on October 16, 2000 – approximately one year prior to the Defendant's loan and subsequent recording of the Deed of Trust. Because Colorado law bars the transfer or assignment of property interests by protected persons, the Defendant's Deed of Trust is void and ineffective to affect property rights. While the Defendant may a cause of action against the Debtor,[27] she does not have a security interest in the Debtor's real property or an interest in the proceeds from the sale of the Debtor's real property.

---

[24] *See* §§ 15-14-421, 15-14-422; *In re Estate of Gallavan*, 89 P.3d 521, 523 (Colo. App. 2004) (holding that even if appointment of a conservator does not prevent a protected person from creating a testamentary trust, it does prevent a protected person from creating an inter vivos trust.
[25] See C.R.S.A. § 38-30-104; *Premier Bank v. Bd. of County Comm'rs of the County of Bent*, 214 P.3d 574, 577 (Colo. App. 2009).
[26] *Premier Bank*, 214 P.3d at 577 citing C.R.S. § 38-35-117 (deeds of trust and mortgages "shall not be deemed a conveyance"); *Taylor v. Canterbury*, 92 P.3d 961, 966 (Colo. 2004) (mortgaging a property does not involve a transfer of title); *Reid v. Pyle*, 51 P.3d 1064, 1067 (Colo. App. 2002) ("No instrument intended to secure the payment of a debt shall be deemed a conveyance, regardless of its terms."); *Hohn v. Morrison*, 870 P.2d 513, 516 (Colo. App. 1993) (deed of trust does not convey title); See *Webster v. Mauz*, 702 P.2d 297, 298 (Colo. App. 1985) (execution and delivery of a deed of trust is not a conveyance of an interest, it is a lien).
[27] Cite to CRSA regarding conservatorship and causes of action against a protected person.

IT IS THEREFORE ORDERED that declaratory judgment enters in favor of the Trustee that the Deed of Trust for the benefit of the Defendant is not a valid lien against 230/330 Fasching Haus.

IT IS FURTHER ORDERED that the Trustee timely proceed to administer the bankruptcy estate and close the subject chapter 7 case.

Dated this 27th day of December, 2011.

BY THE COURT:

_____
Sidney B. Brooks,
United States Bankruptcy Judge